UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEIDI PELLINO,

    Plaintiff,

v.                                                         Case No: 8:21-cv-100-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Attorney Fees ("Motion"). (Dkt. 22.) Plaintiff moves the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth below, the Motion is granted.

## BACKGROUND

On January 13, 2021, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On October 26, 2021, the Court entered its order granting the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 18) and remanding the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 19.) Judgment was entered in Plaintiff's favor the following day, on October 27, 2021. (Dkt. 20.) Plaintiff filed the instant Motion on December 28, 2021, as the prevailing

party in this action. (Dkt. 22.) In the Motion, Plaintiff seeks attorney's fees for work performed by her attorney, Martin J. Cohen. (Dkt. 22 at 5.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorneys' fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorneys' fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. (Dkt. 22 at 7.) Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In the Motion, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. (*Id.* at 2–3.) Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $208.75 for hours worked on this matter in 2021. (Dkt. 22 at 3.) The Commissioner does not oppose Plaintiff's request and the Court finds that Plaintiff is entitled to the requested rate. In total, Plaintiff seeks $2,818.12 in attorney's

fees for 13.5 hours worked on this case in 2021. (*Id.*) The Commissioner does not oppose the fees requested. As such, the Court finds that the hours expended were reasonable and that $2,818.12 is a reasonable fee in this case.

In addition, Plaintiff seeks reimbursement for $400.00 in filing fees. (*Id.*) These costs incurred for filing fees are reasonable and recoverable. *Hennessey v. Comm'r of Soc. Sec.*, No. 19-civ-81719, 2021 WL 2646389, at *2 (S.D. Fla. June 28, 2021) ("Under 28 U.S.C. § 1920, filing fees are recoverable as a cost."); *Powell v. Comm'r of Soc. Sec.*, 418 F. Supp. 3d 1068, 1075 (M.D. Fla. 2019) (granting $400 in costs incurred for filing fees); *Goulet v. Astrue*, No. 3:06-cv-975-J-TEM, 2008 WL 2608010, at *2 (M.D. Fla. June 30, 2008).

Finally, Plaintiff requests that the fee award be paid directly to her attorney. (Dkt. 22 at 6.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to her attorney. (Dkt. 22-2.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **ORDERED:**

1. Plaintiff's Unopposed Motion for Attorney Fees (Dkt. 22) is **GRANTED**.

2. Plaintiff is awarded attorney's fees in the amount of $2,818.12 and costs in the amount of $400.00 under the EAJA.

3. Fees and costs are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Tampa, Florida, on January 4, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record